UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

WILLIAM F. RAEDLE,

                Plaintiff,

   - against -

CREDIT AGRICOLE INDOSUEZ and LEE SHAIMAN,

                Defendants.

------------------------------------------x

04 Civ. 2235 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/10

      William Raedle brought this action against his former employer, Credit Agricole Indosuez ("CAI"), and his former supervisor, Lee Shaiman. Raedle was a research analyst at CAI from August 1998 until he was terminated in January 2001. Plaintiff alleged that following his termination from CAI, CAI and Shaiman both tortiously interfered with his prospective employment at another company.

      From March 15 – March 19, 2010, a trial was held before a jury on the tortious interference claim. The jury found CAI and Shaiman liable and awarded Raedle lost earnings in the amount of $1,023,922 and $600,000 for injury to his reputation, for a total of $1,623,922 in compensatory damages. The jury also awarded Raedle punitive damages in the amount of $600,000 against CAI and $200,000 against Shaiman. On April 14, 2010, however, the court vacated the punitive damages

1

awards against both CAI and Shaiman, finding that there was no proper basis for the jury to make an award of such damages because the evidence did not justify a finding of aggravation or highly egregious conduct.

Plaintiff now moves for an award of pre-judgment interest in the amount of $608,813.55 under C.P.L.R. § 5001(a) and compound interest on the verdict from March 19, 2010 until entry of final judgment under C.P.L.R. § 5002. Plaintiff also seeks an award of statutory costs under Fed. R. Civ. P. 54(d). For the reasons stated below, plaintiff's motion is granted in part and denied in part.

Pre-Judgment Interest

In a diversity case, state law governs the award of pre-judgment interest. See Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008). This is due to the fact that the "availability of prejudgment interest is a substantive, rather than procedural, question." Adams v. Lindblad Travel, Inc., 730 F.2d 89, 93 (2d Cir. 1984). Under New York law, interest "shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property . . ." C.P.L.R. § 5001(a).

While the Second Circuit has found that C.P.L.R. § 5001(a) applies to claims of tortious interference with both tangible and intangible property rights, see Mallis v. Bankers Trust Co., 717 F.2d 683, 694-95

2

(2d Cir. 1983), such "[i]nterference with 'property' under Section 5001(a), however, does not include loss of income." In re Brooklyn Navy Yard Asbestos Litig., 971 F.2d 831, 852 (2d Cir. 1992). Indeed, for purposes of the statute providing for pre-judgment interest based on an act or omission, courts have interpreted "property" such that it does not include lost income or wages. See 8B Carmody-Wait 2d § 63.84 (Mar. 2010); see also Rodick v. City of Schenectady, 856 F. Supp. 105, 107 (N.D.N.Y. 1994) (prevailing plaintiff in malicious prosecution case not entitled to pre-judgment interest on award of lost income because "it is clear that property, as the term is used in C.P.L.R. Section 5001(a), does not refer to lost wages.").

Defendants contend that plaintiff is not entitled to pre-judgment interest on his compensatory damages award for lost income because the plain language of the statute does not authorize such an award.[1] In response, plaintiff cites Purgess v. Sharrock, No. 91 CIV. 0621 (JSM), 1993 WL 426524 (S.D.N.Y. Oct. 19, 1993), aff'd, 33 F.3d 134 (2d Cir. 1994), where pre-judgment interest was awarded on a tortious interference with business relations claim, for the proposition that the court can grant pre-judgment interest. See id., at *1.

Plaintiff's claim for pre-judgment interest on lost wages is impermissible under the plain language of the statute. Indeed, Purgess

---

[1] While defendants oppose awarding pre-judgment interest entirely, they do not dispute the amount of the interest claimed, $608,813.55, should such interest be awarded.

3

is the lone case in which a court has awarded pre-judgment interest on damages stemming from a claim of tortious interference with prospective employment and, notably, plaintiff made his request pursuant to C.P.L.R. § 5002.  Moreover, the defendant in Purgess did not appear to challenge the propriety of such an award; rather, the parties' only disagreement, which was not raised on appeal, concerned the date from which the pre-verdict interest should begin to accrue.  The decision is devoid of any discussion concerning the application of C.P.L.R. § 5001(a) to the tortious interference claim.  Thus, in light of the consistent interpretation of C.P.L.R. § 5001(a) by courts in this circuit, any wages lost due to defendants' tortious interference with Raedle's prospective employment at Dreyfus do not qualify as "property" for purposes of an award of pre-judgment interest under C.P.L.R. § 5001(a).

Post-Verdict Interest

Post-verdict interest serves "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990).  In fact, an award of post-verdict interest is mandatory in any civil case where a plaintiff recovers money damages.  See 28 U.S.C. § 1961(a).  Such interest is to be calculated from the date judgment is entered at a rate equal to the weekly average one-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve for

the calendar week preceding the date of the judgment. See 29 U.S.C. § 1961(b).

As plaintiff is statutorily entitled to post-verdict interest and defendants do not contest the request, plaintiff is granted post-verdict interest on his monetary award.

Costs

Costs other than attorneys' fees generally are awarded to the prevailing party under Fed. R. Civ. P. 54(d)(1). See Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100 (2d Cir. 2006). The term "costs" as used in Fed. R. Civ. P. 54, however, "includes only the specific items enumerated in 28 U.S.C. § 1920." Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001). Indeed, this statute grants discretion to a judge or to the clerk of court to "tax costs against the losing party in any federal litigation" and lists six categories of expenses that may be taxed as costs in federal court: (1) fees of the clerk; (2) fees for transcripts used in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of experts and interpreters. Local Civil Rule 54.1(a) of the Southern District of New York further provides that:

> Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal . . . any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation. Costs will not be taxed during the pendency of any appeal . . . The bill of costs shall include an affidavit that the costs claimed are allowable by law, are

correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits.

Plaintiff's request for costs is procedurally defective under Local Civil Rule 54.1(a) in that he: (1) failed to file his request for costs with the Clerk's Office; (2) did not attach an affidavit specifying the amount and type of costs he seeks; and (3) did not provide itemized bills supporting his claim for costs. Accordingly, plaintiff's motion for costs is denied without prejudice to renew his application for costs in compliance with Fed. R. Civ. P. 54(d) and Local Civil Rule 54.1(a).

## CONCLUSION

For the reasons stated above, plaintiff's motion for pre-judgment interest is denied. Plaintiff's motion for post-verdict interest is granted. Plaintiff's motion for costs is denied without prejudice to renew his application in conformity with Fed. R. Civ. P. 54(d) and Local Civil Rule 54.1(a).

Parties to submit judgment on notice.

Dated: New York, New York
      June 11, 2010

SO ORDERED

_____
Thomas P. Griesa
U.S.D.J.